### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

MARLON CURRIE,

      Plaintiff,

v.                                   Case No. 16-14153

THOMAS ANDREWS, et al.,

      Defendants,

_____/

### OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Before the court is pro se Plaintiff Marlon Currie's civil rights complaint filed under 42 U.S.C.§ 1983. (Dkt. # 1.) Because Plaintiff has paid the entire filing fee of $400, and is not incarcerated, the court does not screen his complaint for frivolousness or maliciousness pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2).

The court does, however, have an initial and continuing obligation under Federal Rule of Civil Procedure 12(b)(1) to review and dismiss cases in which the court lacks subject matter jurisdiction. Because the court finds that Plaintiff's claims are utterly implausible, patently devoid of merit, or no longer open to discussion, the court will *sua sponte* dismiss the complaint.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And, as a general rule, a district

court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A claim lacks an arguable basis in fact if it is "premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible." *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (Gadola, J.) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r.*, 2004 WL 3079879 (E.D. Tenn. 2004)). A claim lacks an arguable basis in law if it is not legally plausible and is "based on legal theories that are indisputably meritless." *Id.* (citation omitted).

Plaintiff's complaint reasserts and expands upon allegations he made in an earlier case in this court. *See Currie v. Michigan*, Case No. 10-13133, 2010 WL 3324869 (E.D. Mich. August 20, 2010) (Cleland, J.) In that earlier action, Plaintiff alleged "violation, deprivation, and conspiracy to deprive Plaintiff of rights guaranteed under the First Amendment's Free Exercise and Establishment Clauses" stemming from his prosecution for domestic violence. (*Id.*) This court dismissed Plaintiff's 2010 complaint as frivolous and failing to state a claim under 28 U.S.C. § 1915(e)(2). (*Id.*)

2

The instant complaint restates those claims and greatly expands them. Beyond the Free Exercise and Establishment Clauses, Plaintiff now challenges the constitutionality of approximately sixty state and federal statutes, alleging over three hundred violations of rights secured by eighteen separate clauses spread across nine constitutional amendments. (Dkt. # 1, Pg. ID 9.) These violations, says Plaintiff, were the result of a conspiracy involving over six hundred named Defendants.

Specifically:

"approximately 95 Senators, 371 Congress Persons (sic), 35 members of the Michigan Senate, 102 Michigan Legislators, 2 Attorney Generals (sic), 1 Judge, 1 Magistrate, 1 State Prosecutor, 1 Prosecuting attorney, 2 Defense Attorneys, 4 Police Officers, 1 School Police Officer, 1 Probation officer, 1 DV Counselor, 1 Employer and 1 Chad Brewer."

(*Id.*) In its order dismissing the 2010 case, this court observed that "Plaintiff's complaint is nearly unintelligible." *Currie*, 2010 WL 3324869. Plaintiff has compounded that unintelligibility with staggering volume.

The court declines to address each facet of Plaintiff's nearly two hundred-page complaint in detail. Plaintiff begins with what may be a fully comprehensive list of every conceivable cause of action under the Constitution and laws of the United States, and then alleges, in essence, a far flung conspiracy to violate those constitutional and statutory standards carried out amongst hundreds of federal and state government officials, counselors, and clergy who used legislation, criminal investigation and prosecution, counseling, and "male-flaw brainwashing" to attempt to interfere with Plaintiff's efforts to discipline his wife and children as he deemed required by his religious beliefs. It appears that the wellspring of this torrent of printed material may have been domestic violence charges brought against Plaintiff in the recent past.

3

The factual and legal arguments are implausible and frivolous. The court is satisfied that the allegations describe no more (or less) than "fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible." *Selvy*, 371 F. Supp. 2d at 908 (denying leave to file complaint alleging massive Freemason conspiracy targeting plaintiff). All of Plaintiff's legal arguments able to be discerned by the court are indisputably meritless; consider, for example, the inclusion as defendants of more than five hundred legislators, all clearly protected from suit by absolute immunity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (holding state legislators absolutely immune from § 1983 liability stemming from "legislative activities"); *Tenney v. Brandhove*, 341 U.S. 367, 375-76 (1951) (holding federal legislators similarly immune under the Speech and Debate Clause, U.S. Const. Art. 1, § 6, cl. 1). Accordingly,

IT IS ORDERED Plaintiff's Complaint (Dkt. # 1) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

 s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 9, 2016, by electronic and/or ordinary mail.

 s/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-14153.CURRIE.summary.dismissal.TLH2.wpd